**CHAMI LAW FIRM, PLLC**
David A. Chami, AZ #027585
8245 N. 85th Way
Scottsdale, Arizona 85258
(818) 600-5515 (phone)
david@pricelawgroup.com

**HADOUS|CO. PLLC**
Nemer N. Hadous, AZ #027529
8245 N. 85th Way
Scottsdale, Arizona 85258
(602) 492-4432 (phone)
nhadous@hadousco.com

**PRICE LAW GROUP, APC**
Michael Yancey, III, AZ #037187
8245 N. 85th Way
Scottsdale, AZ 85258
(818) 600-5537 (phone)
michael@pricelawgroup.com

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Ford and Lindsey Ford, | Case No.: |
| Plaintiffs, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| vs. | |
| Jesus Camargo; Myrl Baker; and Loves Garage Doors, LLC, | |
| Defendants. | |

1

Plaintiffs James Ford ("Mr. Ford") and Lindsey Ford ("Mrs. Ford") (collectively, the "Fords") respectfully submit this Complaint against Defendants Jesus Camargo ("Defendant Camargo"), Myrl Baker ("Defendant Baker"), and Loves Garage Doors, LLC ("Defendant Loves") (collectively, "Defendants").

## I.  JURISDICTION, AND VENUE

1. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332 because the parties are citizens of different States and the matter in controversy exceeds $75,000.

2. Venue in the District of Arizona is proper pursuant to 28 U.S.C. § 1391 because Defendants regularly transact business within this District or are otherwise subject to personal jurisdiction in this District, and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## II.  PARTIES

3. Mr. Ford is a natural person who resides in Livingston County, Michigan.

4. Mrs. Ford is a natural person who resides in Livingston County, Michigan.

5. Defendant Camargo is a natural person who resides in Maricopa County, Arizona.

6. During all time pertinent to this Complaint, Defendant Camargo was employed by Loves Garage Doors, LLC.

7. During all time pertinent to this Complaint, Defendant Camargo acted within the scope of his employment by Loves Garage Doors, LLC.

8. Defendant Baker is a natural person who resides in Maricopa County, Arizona.

9. Defendant Loves is an Arizona limited liability company which operates in Maricopa County, Arizona. Defendant Loves can be served at REGISTERED AGENTS INC, 1846 E Innovation Park Dr., Ste 100, Oro Valley, AZ 85755.

10. During all time pertinent to this Complaint, Defendant Loves Garage Doors, LLC was an alter ego and conduit of Defendant Baker, the sole member of Defendant Loves.

11. During all time pertinent to this Complaint, Defendants caused events to occur in Maricopa County, Arizona from which this Complaint arises. Unless otherwise indicated, all conduct alleged herein was performed, directed from, and done in the County of Maricopa, State of Arizona.

### III.   FACTUAL ALLEGATIONS

#### A. The Accident

12. The Fords incorporate the above paragraphs as though fully set forth herein.

13. On August 17, 2021, at approximately 2:09 pm, Mr. Ford was traveling west bound on E Rio Verde Drive in Scottsdale, Arizona in a 2020 Toyota Sienna minivan with his 4-year-old daughter "EF" in a car seat installed in a rear seat.[1]

14. On August 17, 2021, at approximately 2:09 pm, Defendant Camargo was traveling east bound on E Rio Verde Drive in Scottsdale, Arizona to a job site in a 2017 Dodge 1500 pickup truck, with Mr. Baker in the passenger seat.

---

[1] The Fords' minor daughter is referred to by her initials throughout this Complaint.

15. During all times pertinent to this Complaint, the Dodge pickup truck driven by Defendant Camargo and involved in the collision was owned by Defendant Loves, and Defendant Camargo was employed by Defendant Loves.

16. Defendant Camargo failed to slow for stopped east bound traffic, crossed the center line into Mr. Ford's driving lane, and collided head-on with Mr. Ford and EF.

17. Upon arrival of emergency and police personnel, Defendant Camargo was cited for two violations of Arizona law:

    a) ARS 28-701A; Fail to Control Speed to Avoid Collision

    b) ARS 28-721A: Driving Left of Center

### B. The Fords' Injuries & Damages

18. The Fords incorporate the above paragraphs as though fully set forth herein.

19. Mr. Ford was severely injured during the collision and transported via emergency ambulance to Honor Health-Osborn for treatment of concussion and torso abrasions and severe lacerations on his hand.

20. Mr. Ford was kept overnight at Honor Health and discharged on August 18, 2021, with follow-up care instructions due to the severity of the physical injuries he sustained.

21. On August 25, 2021, Mr. Ford followed up with an Orthopedic specialist due to persistent pain in his back, neck, and shoulders.

22. The Orthopedic specialist diagnosed Mr. Ford with sprained ligaments in his cervical spine and ordered an MRI to confirm the diagnosis.

23. The Orthopedic specialist instructed Mr. Ford, who is employed as a police officer, to take a leave from work due to these injuries.

24. Mr. Ford continues to undergo medical treatment, including surgery, as a result of his physical injuries.

25. Mr. Ford's daughter EF was extracted from the wreck and taken to Phoenix Children's Hospital.

26. Defendants' negligence was the direct and proximate cause of the collision and injuries.

27. As a direct and proximate cause of Defendants' negligence, Mr. Ford has suffered damages, including, without limitation, physical injuries, physical pain and suffering, physical scarring, loss of income, inability to work, and emotional distress.

28. As a direct and proximate cause of Defendants' negligence, Mrs. Ford has suffered loss of consortium.

29. Defendants have also failed to maintain adequate/reasonable liability insurance, despite the risk of serious, foreseeable harm that occurred here, and have inadequately capitalized Defendant Loves and/or operate Defendant Loves as an alter ego of Defendant Baker.

30. Piercing the corporate veil is necessary to prevent injustice in this case.

### IV.    COUNT ONE

**NEGLIGENCE PER SE**
Defendants Camargo and Loves Garage Doors, LLC

31. Plaintiff incorporates the above paragraphs as though fully set forth herein.

32. In Arizona, "a breach of a statute intended as a safety regulation is not merely evidence of negligence but is negligence per se." *Brannigan v. Raybuck*, 136 Ariz. 513, 517, 667 P.2d 213, 217 (1983) (citing *Orlando v. Northcutt*, 103 Ariz. 298, 300, 441 P.2d 58, 60 (1968); W. Prosser, Handbook of the Law of Torts § 36 at 197–200 (4th ed. 1971)).

33. Defendant Camargo violated two Arizona statutes by failing to control the speed of the vehicle which he operated in order to avoid a collision (ARS 28-701A) and by driving in the left lane (ARS 28-721A).

34. Both ARS 28-701A and ARS 28-721A are traffic regulations intended to ensure the general public's safety and welfare, and specifically the safety of motorists and pedestrians near motorways.

35. Defendant Camargo's violations of ARS 28-701A and ARS 28-721A constitute negligence per se.

36. Defendant Camargo's violations of ARS 28-701A and ARS 28-721A caused a head-on collision with Mr. Ford that caused damages to the Fords.

37. As a result of Defendant Camargo's violations of 28-701A and ARS 28-721A, Defendants are liable for the full extent of Plaintiff's damages.

38. Defendant Camargo's negligence occurred while he was subject to his employer's (Defendant Loves) right of control and while acting in furtherance of his employer's business. Specifically, Mr. Camargo was on the clock, transporting Defendant Loves' owner, and heading to a site to complete a job on behalf of Defendant Loves.

39.     Defendant Loves is therefore vicariously liable for Mr. Camargo's negligence under the doctrine of respondeat superior, rendering Defendant Loves liable for the Fords' damages caused by Defendant Camargo's negligence.

40.     As a direct and proximate cause of Defendants' negligence, Mr. Ford has suffered damages, including, without limitation, physical injuries, physical pain and suffering, emotional distress, and physical scarring.

## V.     COUNT TWO

**NEGLIGENCE**
All Defendants

41.     The Fords incorporate the above paragraphs as though fully set forth herein.

42.     As a driver on a public road in Arizona, Defendant Camargo owed duties of care to the Fords, including the duty to drive in a reasonably safe manner so not to subject the Fords or others to unreasonable risks of harm.

43.     Defendant Camargo breached that duty by failing to control the speed of the vehicle which he operated to avoid a collision.

44.     Defendant Camargo further breached the duty of care by driving into oncoming traffic.

45.     Defendant Camargo's breach of the duty of care caused a head-on collision with the vehicle Mr. Ford and his 4-year-old daughter were travelling in causing substantial injuries.

46.     Defendant Camargo's breach of the duty of care is a direct and proximate cause of the Fords' injuries.

47. As a result of his breach of duty owed, Defendant Camargo is liable for the Fords' damages.

48. Defendant Camargo's negligence occurred while he was subject to his employer's (Defendant Loves) right of control and while acting in furtherance of his employer's business. Specifically, Defendant Camargo was on the clock, transporting Defendant Loves' owner, and heading to a site to complete a job on behalf of Defendant Loves.

49. Defendant Loves is therefore vicariously liable for Defendant Camargo's negligence under the doctrine of respondeat superior, rendering Defendant Loves liable for the Fords' damages caused by Defendant Camargo's negligence.

50. As a direct and proximate cause of Defendants' negligence, Mr. Ford has suffered damages, including, without limitation, physical injuries, physical pain and suffering, emotional distress, and physical scarring.

### VI. COUNT THREE

### LOSS OF CONSORTIUM
All Defendants

51. The Fords incorporate the above paragraphs as though fully set forth herein.

52. Mr. Ford and Mrs. Ford are married.

53. Defendants' negligence caused Mr. Ford substantial bodily injury.

54. The injuries caused by Defendants' negligence have resulted in interference with society, companionship, conjugal affections, and marital assistance between Mr. Ford and his spouse Mrs. Ford.

55. Defendants are therefore liable to Mrs. Ford for the loss of consortium she suffers.

56. Mrs. Ford requests all loss of consortium damages allowable under Arizona common law.

## VII. COUNT FOUR

**PIERCING THE VEIL**
Defendants Loves Garage Doors, LLC, and Defendant Myrl Baker

57. The Fords incorporate the above paragraphs as though fully set forth herein.

58. Defendant Baker is the owner/operator and sole member of Defendant Loves Garage Doors, LLC.

59. Defendant Loves is the business entity through which Defendant Baker individually and personally provides garage door installation, replacement, and repair services.

60. Defendant Loves operates based on a unity of interest with Defendant Baker, who failed to adequately capitalize the company or procure adequate/reasonable levels of liability insurance.

61. Defendant Baker operates a business where he and his employees drive throughout the Phoenix Metro area daily with heavy equipment/machinery.

62. Defendant Baker's business utilizes heavy commercial pickup truck vehicles in conducting these constant commutes throughout the valley.

63. Defendant Baker is therefore aware that he and his employees are at an elevated risk of causing serious injury in a motor vehicle accident, and this is reasonably foreseeable.

64. Through pre-litigation communication, the Fords have discovered that Defendant Baker failed to take out a liability insurance policy in Defendant Loves' name in a reasonable amount, and the amount of coverage is substantially below the Fords' damages.

65. Defendant Baker's failure to purchase an adequate insurance policy to cover catastrophic harm caused by a Defendant Loves employee while driving to and from job sites renders maintenance of the legal fiction of limited liability unjust in this case.

66. In addition to failing to maintain adequate insurance policy coverage, Defendant Loves is also inadequately capitalized. This is supported by the minimal amount of insurance Defendants procured, to minimize costs despite the reasonably foreseeable risk of serious harm to the Fords and other members of the public, while intending to use the corporate entity to offset the risk of liability based on reasonably foreseeable risks of serious harm.

67. Defendants' collision with the Fords and the Fords' consequent injuries are the types of harm that were foreseeable to Defendants.

68. Based on the totality of circumstances, Defendant Loves is an alter ego of Defendant Baker and otherwise a business conduit of Defendant Baker.

69. Disregarding Love's corporation's separate legal status is therefore necessary to prevent injustice here.

70. Accordingly, the Fords respectfully request that this Honorable Court pierce the veil and hold Defendant Baker personally liable for the negligence of his employee Defendant Camargo, and for the respondeat superior liability of Defendant Loves.

## VIII.  RELIEF REQUESTED

**WHEREFORE**, the Fords respectfully requests judgment against Defendants, as well as the following relief, as applicable:

i. Actual damages allowable by law, including medical expenses, bodily pain and injury, and loss of consortium, in an amount to be proven at trial no less than $2,500,000.00 (this amount is subject to increase as medical treatment is currently ongoing);

ii. Such other and further equitable or other relief as the Court deems just, proper, and reasonable.

## IX.  JURY DEMAND

The Fords hereby demand a trial by jury in this action.

**RESPECTFULLY SUBMITTED** this 2nd day of August 2022,

**CHAMI LAW FIRM, PLLC**

By: /s/ David A. Chami
David A. Chami, AZ #027585
8245 N. 85th Way
Scottsdale, Arizona 85258
(818) 600-5515 (phone)
david@pricelawgroup.com
Attorneys for Plaintiffs